Exhibit 1

# AFFIDAVIT OF SPECIAL AGENT CAITLIN MOYNIHAN IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Caitlin E. Moynihan, a Special Agent with Homeland Security Investigations, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and am assigned to the office of the Special Agent in Charge, Boston, MA. I have been a Special Agent since October 2009. Prior to being assigned to the SAC Boston Office, I was assigned to the Resident Agent in Charge Office in Burlington, Vermont. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. I have received training in the investigation of child exploitation offenses, including child pornography, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2. I submit this affidavit in support of a criminal complaint charging Vincent KIEJZO, born 1987, of Milford, Massachusetts, with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (the "Subject Offense").

3. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral and written reports made to me by agents of the HSI and other federal, state, and local law enforcement agencies.

4. This Affidavit is submitted for the limited purpose of establishing probable cause to believe that KIEJZO committed the Subject Offense. Accordingly, I have not included each

and every fact known to me and other law enforcement officers involved in this investigation. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## STATEMENT OF PROBABLE CAUSE

5. On September 9, 2020, at approximately 6:01 a.m., HSI agents, with the assistance of local law enforcement, executed a federal warrant authorizing them to search a residential address located in Milford, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

6. Vincent KIEJZO, an employee of the Milford Public School system, was present in the home when agents executed the warrant. He was advised of and executed a written waiver of his *Miranda* rights and agreed to speak with agents on scene. The interview consisted of two separate conversations, both of which were recorded. Unless otherwise indicated, all statements set forth below are summary in nature.

7. KIEJZO initially denied either viewing or possessing child pornography.

8. Agents then conducted a search of the residence. During that search, agents identified the bedroom that was used by KIEJZO. In that bedroom, agents located a Memorex thumb drive that was plugged into a television hung on the wall. Based on online research, I believe the thumb drive was manufactured in Taiwan. Based upon my training and experience, I am aware that Memorex does not manufacture any thumb drives in Massachusetts.

9. Agents then conducted an on-scene preliminary forensic review of the thumb drive. During the review, agents located a document with four links to Tor .onion Urls; I am familiar with at least one of these and know it to be an online chat site dedicated to the sexual exploitation of minors.

10. During the preliminary review of the thumb drive, agents observed approximately 6,000 video files, located in different folders, most of which primarily depicted minor males and females engaged in sexually explicit conduct. One of the folders was named "boys."

11. Included among the child pornography files were the following images:[1]

a. ▮▮▮▮▮▮▮▮.mpg: This is a video file, approximately 1 minute and 36 seconds in length, depicting a nude, Caucasian infant male, lying face up on a bed or bedding. An adult male is standing over the infant, holding his erect penis and masturbating. At approximately the one minute mark, the adult male ejaculates onto the stomach and chest of the infant child.

b. ▮▮▮▮▮▮▮▮▮▮.MP4: This is a video file, approximately 4 minutes and 36 seconds in length, depicting a nude, Caucasian prepubescent male child, approximately four years old, lying face up on a bed or bedding. A large, seemingly adult, gloved hand proceeds to use a lubricant to masturbate the boy's penis and scrotum.

c. ▮▮▮▮▮▮.mkv: This is a video file, approximately 13 minutes in length, depicting a nude Caucasian male child, approximately 11 years old, with blonde hair. During the course of the video, the child is nude in a bathtub and penetrates himself digitally. The

---

[1] To avoid unnecessary in-person interaction given the health concerns posed by the current pandemic, I am not providing a copy of these images to the Court. The descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." United States v. Burdulis, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing Brunette). The children in these paragraphs appear to be infants and toddlers (and in Paragraph 11c, no older than 12) – clearly younger than 18 – and depict adults engaging in sexual activity with the children rather than "merely" the lascivious display of the child's genitals. The descriptions are specific as to the children's perceived ages and physical characteristics. See United States v. Syphers, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added). The description of the files here is sufficiently specific as to the age and appearance of the alleged children and the type of sexual conduct the children are engaged in that the Court need not view the files to find that they depict child pornography.

child then moves to a bed where he penetrates himself digitally and masturbates. The child then performs oral sex on an adult male's penis. In the last portion of the video, the child is penetrated anally by the adult male's penis.

12. When agents advised KIEJZO that they had located child pornography on a thumb drive that was plugged into the television in his room, KIEJZO admitted that child pornography was on the thumb drive and that it belonged to him.

13. KIEJZO told agents that he had first used the Tor browser a couple of years ago and that he "stumbled upon it." When agents asked KIEJZO if he was familiar with the particular Tor sites located on the thumb drive, KIEJZO replied, "something like that, maybe."

14. The thumb drive and other devices seized pursuant to the warrant are currently being transported to the HSI forensic lab. Analysis remains ongoing.

## CONCLUSION

15. Based on all of the foregoing information, I submit that there is probable cause to believe that on or about September 9, 2020, Vincent KIEZJO knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and

shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

*Caitlyn E. Moynihan* /D.H./

Special Agent Caitlin E. Moynihan
Homeland Security Investigations

Time and Date: **Sep 9, 2020**   2:05 p.m.

Notice is hereby provided that, pursuant to Federal Rule of Criminal Procedure 4.1, the affiant was sworn by telephone on the date and time indicated above:

*David H. Hennessy*

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE