UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)  Criminal No. 20-40036-TSH<br>VINCENT KIEJZO,  )<br>)<br>)<br>Defendant  )<br>) | |

### REPORT IN LIEU OF FURTHER INTERIM STATUS CONFERENCE
### PURSUANT TO LOCAL RULE 116.5(b)

March 3, 2021

Hennessy, M.J.

Defendant is charged in an indictment with one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant was arraigned by videoconference on October 2, 2020. I scheduled a final status conference for March 4, 2021 in Worcester. However, prior to the conference, the parties filed a joint memorandum requesting that the conference be treated as interim and seeking a hearing in 30 days. The motion is allowed. I cancel the conference and report as follows:

**Local Rule 116.5(b)(1) through (4)**

The United States reports that it produced automatic and voluntary supplemental discovery on September 10, 2020, November 12, 2020, December 23, 2020, and January 13, 2021. Defendant served a discovery request; the United States has agreed to provide some responsive information by March 12, 2021. If Defendant believes a discovery motion is necessary, he shall

file on or before March 29, 2021.  If necessary, the Court will hear argument on the discovery motion at the April 8, 2021 Final Status Conference.  The Court issued a protective order.

**Local Rule 116.5(b)(5)**

Defendant is directed to report at the Final Status Conference whether, based on a review of discovery, he will file pretrial motions pursuant to Fed. R. Crim. P. 12(b).

**Local Rule 116.5(b)(6)**

I have adopted the parties' proposal that the Government's expert disclosures, if any, be due forty-five (45) days before trial, and that Defendant's expert disclosures, if any, be due twenty-one (21) days before trial.

**Local Rule 116.5(b)(7)**

Defendant does not intend to raise defenses of insanity, public authority, or alibi.

**Local Rule 116.5(b)(8)**

The Court has excluded the period from October 2, 2020 (the date of Defendant's arraignment), through March 4, 2021 (the date of the further Interim Status Conference).  The parties further agree that the period from March 4, 2021 through the Final Status Conference that I have set for April 8, 2021 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).  I will allow that request and enter a separate written order.  It appears that zero days are chargeable against the statutory speedy trial clock.  See Order of Excludable Delay entered on this date.

**Local Rule 116.5(b)(9)**

The parties are engaged in plea discussions.  Trial would require three days.

**Local Rule 116.5(b)(10)**

A Final Status Conference (and discovery hearing, if necessary) will take place in this case on Thursday, April 8, 2021 at 9:30 a.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts.  If the parties file a joint memorandum that addresses Local Rule 116.5(c) which obviates the need for the status conference, the Court will waive the status conference.  Counsel are encouraged to appear by telephone if that is more convenient.  If any counsel wishes to appear by telephone, counsel is to contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached.

 /s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge