UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>                                                    )<br>VINCENT KIEJZO,                        )<br>                                                    )<br>                                                    )<br>            Defendant              )<br>                                                    )<br>_____ ) | Criminal No. 20-40036-TSH |

## ORDER ON MOTION TO CONTINUE AND EXCLUDE TIME

April 1, 2021

Hennessy, M.J.

Defendant is charged in an indictment with one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant was arraigned by videoconference on October 2, 2020. I scheduled a final status conference for April 8, 2021 in Worcester. However, prior to that date, Defendant filed an assented-to motion to continue the conference for 45 days and to exclude the continuance from the time in which trial of the indictment must commence. As grounds for the motion, Defendant states the United States produced additional discovery on March 17 and 18, 2021, and on the basis of such discovery, Defendant anticipates making further discovery requests.

The motion to continue the Final Status Conference for 45 days is ALLOWED. The Final Status Conference will be held at 9:30 a.m. on May 28, 2021.

Defendant's motion to exclude the continuance from the time in which trial of the indictment must commence is ALLOWED. I exclude the time pursuant to the provisions of 18

U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial.  Specifically, in accordance with Local Rule 112.2(c) of the Local Rules of the United States District Court for the District of Massachusetts (2021), I find that the Defendant will need this continuance to review the additional discovery and consider the need for further discovery requests and to serve such requests.  Defendant will also need the continuance to file any pretrial motions.  I further find that to not grant such a continuance would deny both the United States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

    / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1]     The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).