UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 20-cr-40036-TSH |
| ) | |
| ) | |
| VINCENT KIEJZO ) | |
| ) | |

**DEFENDANT'S SUPPLEMENTAL MEMO TO OBJECTION TO DISCOVERY ORDER AND REQUEST FOR REVIEW BY DISTRICT COURT JUDGE**

Defendant, Vincent Kiejzo, submits this supplemental memorandum to his previously filed Objection to Discovery Order and Request for Review by District Court Judge. D.E. 117. Since filing his objection to the Magistrate Judge's Order, undersigned counsel has learned of new information that is relevant to his discovery motion. This information reveals the broader scope of the investigation at issue in this case and provides additional support for the defendant's requested discovery. Specifically, counsel has identified several warrants and complaints from other districts that are very similar, and in some cases identical, to the warrant issued in Mr. Kiejzo's case. *See* Exhibits A-H. Additionally, independent FOIA litigation in the District of Maryland, unrelated to Mr. Kiejzo's case, revealed a case opening document from the FBI dating back to 2017, with language describing a Tor hidden service site that is identical to the description of Website 2 at issue in this case. *Compare* Exhibit I to Objection to Discovery Order, Exhibit F at ¶ 17. These documents support Mr. Kiejzo's argument that he is entitled to further discovery regarding the government's knowledge of, and participation in, the law enforcement operation that led to the search of Mr. Kiejzo's home.

1

It is clear from the attached documents that the scope of the investigation into these particular websites hosted on the TOR network was substantially broader than what is otherwise minimally indicated in Agent Moynihan's affidavit. The number of similar cases using similar, if not identical, language to the search warrant affidavit in Mr. Kiejzo's case suggest a large-scale, coordinated investigation into websites hosted on the TOR network akin to the Playpen investigation. See "The Playpen Cases: Mass Hacking by U.S. Law Enforcement," Electronic Frontier Foundation, available at https://www.eff.org/cases/playpen-cases-mass-hacking-us-law-enforcement. The HSI Boston office is repeatedly referenced throughout many of these cases. In one case, the investigation involved information obtained from both the "foreign law enforcement agency and HSI Special Agent Greg Squire who observed the TARGET WEBSITE while it was operational." Ex. D, pg. 4. In another, HSI Boston was explicitly noted – as early as mid-2018 – to have been "conducting an investigation of various Darkweb sites along with foreign law enforcement partners." Ex. H, ¶¶ 13-16 (also describing HSI Boston's request and receipt of particular user identity and activity information from FLA partners). This severely undermines the Magistrate Judge's conclusion that U.S. agents must have not participated in the "seizure of the website server(s)" or the "investigation into what IP addresses accessed the websites." Order Denying Motion to Compel, DE 106, at 7. In yet another, the tip regarding a defendant's IP address was relayed to HSI Boston from a "foreign law enforcement partner." Ex. F, ¶¶ 62, 64, 67.

Additionally, these other cases suggest that Mr. Kiejzo's discovery requests are far from speculative. These cases and documents demonstrate that the purportedly individualized and as-yet unsupported FLA "tip" regarding a single IP address referenced in Agent Moynihan's affidavit was actually part of a much wider investigation than what has been disclosed by the government thus far. It was already clear that Agent Moynihan's affidavit – which presented a single, focused,

and allegedly reliable tip from an FLA purporting to conduct its own investigation – entirely omitted the existence and involvement of a second as-yet-unidentified FLA. *See* Objection to Discovery Order, 12-13. What these new documents also suggest is that Agent Moynihan's affidavit obscured both the tip's nature and its reliability. The number of websites and IP addresses provided by the FLA in "tip" documents to U.S. law enforcement – as evidenced by these other cases – demonstrates an investigative scope which could only have been obtained through the deployment of a Network Investigative Technique or unreliable traffic analysis. See Objection to Discovery Order, Exhibit M. Where the government has neither disclosed the identity or role of the second FLA, and where it has produced no information about *how* the IP addresses were identified, the larger scope of this investigation justifies the defendant's discovery requests.

      For the reasons stated in Mr. Kiejzo's Objection to Discovery Order, Mr. Kiejzo is entitled to further discovery because the requested documents and information are discoverable and the Magistrate Judge's findings to the contrary were erroneous and contrary to law.

      Respectfully submitted,
VINCENT KIEJZO
By His Attorney,

*/s/ Sandra Gant*
Sandra Gant, B.B.O.# 680122
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

*/s/ Caitlin Jones*
Caitlin Jones, MN ID # 0397519
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

    I, Sandra Gant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on February 28, 2022.

                                      */s/ Sandra Gant*
                                      Sandra Gant