UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal No. 20-40036-TSH<br>VINCENT KIEJZO, )<br>)<br>)<br>Defendant )<br>)<br>) | |

**ORDER CONTINUING FINAL STATUS CONFERENCE
AND EXCLUDING TIME**

March 9, 2022

Hennessy, M.J.

      Defendant is charged in an indictment with one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant was arraigned by videoconference on October 2, 2020. The parties filed a joint motion to continue the final status conference scheduled for March 10, 2022 to a date after a hearing in this matter before Judge Hillman on March 17, 2022 on Defendant's appeal of a discovery order, and to exclude the continuance. In support of this motion, the parties proffer that resolution of discovery should precede the final status conference and a continuance will facilitate Defendant's review of discovery.

      The motion to continue the Final Status Conference is allowed. The Final Status Conference will take place on Thursday, March 24, 2022 at 11:00 a.m. in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. If the parties file a joint memorandum that addresses Local Rule 116.5(c) which obviates the need for the status

conference, the Court will waive the status conference. Counsel are encouraged to appear by telephone if that is more convenient. If any counsel wishes to appear by telephone, counsel is to contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached.

The joint motion to exclude the continuance is also granted. Accordingly, I ORDER the exclusion of time from Thursday, March 10, 2022 (the date on which the current order of excludable time expires), through Thursday, March 24, 2022 (the date of the Final Status Conference before the undersigned). I exclude this time pursuant to 18 U.S.C. § 3161(h)(1)(D) to allow for the prompt disposition of a pending discovery motion which will be heard by Judge Hillman on March 17, 2022. I also exclude the continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, in accordance with Local Rule 112.2(c) of the Local Rules of the United States District Court for the District of Massachusetts (2021), I find that Defendant will need this continuance to review any discovery which is the subject of the pending appeal of the motion and which may be ordered produced and, based on such discovery,

to file pretrial motions. I further find that to not grant such a continuance would deny both the United States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

                                                / s / David H. Hennessy
                                                David H. Hennessy
                                                United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).