UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DOCKET NO.: 20-cr-40036-TSH |
| v. ) | |
| ) | |
| VINCENT KIEJZO ) | |
| ) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

**EXHIBIT 17:**

Affidavit in Support of Complaint
*United States v. Webster*, 18-mj-00251 (E.D. Va. May 18, 2018)



FILED
MAY 18 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR ISSUANCE OF A CRIMINAL COMPLAINT

2:18mj251

I, Paul G. Wolpert, being first duly sworn state:

1. I am a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), currently assigned to the Office of the Assistant Special Agent in Charge (ASAC), Norfolk, Virginia. I have been so employed since April 2002. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography[1] (as defined in 18 U.S.C. § 2256(8)) in all forms of media including computer media. I am also a certified forensic computer examiner for HSI.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. I have conducted an investigation of the offenses described in this affidavit. As a result of my investigation, a review of reports made by other law enforcement officers, and in speaking with other law enforcement officers who have been involved in the investigation, I am familiar with the circumstances of this on-going investigation. I have not included each and every fact known to me in this affidavit, but only the facts I believe are necessary to establish probable cause to believe DASHAWN WEBSTER has engaged in the crimes of production and distribution of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(2).

## PERTINENT FEDERAL CRIMINAL STATUTES

4. 18 U.S.C. § 2251(a) provides that any person who employs, uses, persuades, induces, entices, or coerces, or attempts to do so, any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

---

[1] I use the terms "child pornography" and "visual depictions/images of minors engaging in sexually explicit conduct" interchangeably in this Affidavit.

5. 18 U.S.C. § 2252(a)(2) provides that any person who knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct, shall be punished.

## PROBABLE CAUSE TO ARREST DASHAWN WEBSTER

### "Screenname A"

6. The HSI Cyber Crimes Center Child Exploitation Investigations Unit (C3 CEIU) received information from Interpol involving the distribution of child exploitation material on a website dedicated to the sale and distribution of child pornography. The site will be referred to here as "WEBSITE A." According to the information from Interpol, in December 2016, foreign law enforcement found child sexual abuse material (CSAM[2]) of underage boys and multiple references to the site WEBSITE A on a TOR-based forum. The information indicated that this material was from WEBSITE A.

7. Law enforcement reviewed WEBSITE A. The website was advertising the sharing, selling and/or buying of images and videos of minors engaged in sexually explicit conduct. When creating an account with WEBSITE A, the site required registration with a real email address.

8. Further investigation into WEBSITE A revealed an account was created using the name "Screenname A[3]." The records indicated the account was registered using the email address [emailaddress1]@gmail.com, on August 1, 2017, from the IP Address 72.218.206.49 (the Target IP Address). The account was active on the site from August 1, 2017, to August 3, 2017. The Screenname A account had membership access which allowed him to access all downloadable content.

9. The logs from Interpol showed that the user Screenname A made 12 posts within the site.

10. On or about March 6, 2018, an administrative summons was issued to Cox Communications requesting subscriber information for the Target IP Address on August 1, 2017.

---

[2] CSAM can include both child erotica and child pornography.

[3] For purposes of the ongoing investigation into other targets, the screennames and email addresses belonging to WEBSTER are changed so as to not alert other members of the different websites.

2

On or about March 30, 2018, Cox Communications responded to the summons and provided the following subscriber information:

> DASHAWN WEBSTER
> 30 Rex Avenue
> Portsmouth, Virginia 23702

The response also indicated the account had been deactivated on January 27, 2018.

12.   Additional information was received from HSI Boston regarding another account on WEBSITE A. The user with the screenname "Screenname B" had registered on the WEBSITE A using the IP address 72.218.206.49, the Target IP Address. This shows that the same user had at least two accounts on WEBSITE A, which is not unusual in my experience with these types of websites and forums.

### Screenname C, Screenname D, Screenname E, Screenname F, Screenname G, Screenname H, Screenname I, and Screenname J

13.   HSI Boston is also conducting an investigation of various Darkweb sites along with foreign law enforcement partners. During an investigation of TORSITE A, a search warrant was conducted for another member. During the search of the suspect's residence, a thumb drive was discovered which contained a folder with images obtained from an individual using the screenname "Screenname C." The folder contained seventeen images, fifteen of which contained child pornography. The images are of a prepubescent black male, naked from the waist down lying on a bed, some with the boy's penis the focus of the images. There appears to be ejaculate in the boy's anus. All of the images were watermarked with: "Screenname C [ ] Copyright" and appear to be homemade.[4]

14.   Based on the two investigations, law enforcement believes the individual using the screenname Screenname C is also using the screennames: Screenname D, Screenname E, Screenname F, Screenname G, Screenname H, Screenname I, Screenname J and Screenname A over numerous known Darkweb forums dedicated to the sexual exploitation of children. One of the forums has posts from this individual dating back to 2014.

15.   HSI Boston Agents observed and downloaded, in an undercover capacity, numerous images and videos of child pornography from this individual. One such download included five videos of child pornography that were posted on March 7, 2018. The videos depicted an adult black male and a prepubescent black male engaged in oral sex.

16.   As part of their investigations, HSI Boston Agents requested information from foreign law enforcement partners for more information regarding the individual using the screenname(s): Screenname C, Screenname D, Screenname E, Screenname F, Screenname G,

---

[4] These images will be provided to the Court for review at the time of the signing this Complaint. However, in my training and experience, I believe these images are of the lascivious exhibition of the minor's genitals.



Screenname H, Screenname I, and Screenname J. HSI Boston Agents received numerous postings from their partners made by this individual on various Darkweb forums to which this individual is registered.

17. After reviewing the information on the previously mentioned screennames, it was discovered that the user routinely used two passwords containing, in part, the letters "dash" on various websites. On a previously active Darkweb forum dedicated to the sexual abuse of children, one such password is also linked to the screennames Screenname E, Screenname F and another screenname. A review of information provided by the user when signing up to one Darkweb forum revealed an individual using the screenname: Screenname F linked the account to the email address "[emailaddress2]@gmail.com."

18. A check on a commercial database used by law enforcement revealed the name [emailaddress2] was associated with the address 30 Rex Avenue, Portsmouth, Virginia. The investigation also revealed that in or about February 2018, Dashawn Tyshier Webster and family members moved from 30 Rex Avenue, Portsmouth, Virginia to 32 Rex Avenue, Portsmouth, Virginia (the Residence). 32 Rex Avenue is in the same building and right next to 30 Rex Avenue. Further, it appears that the name "[emailaddress2]" is fictitious, as there is no other information associated with this name in available databases.

19. Based on the totality of information, I believe that the same person, now located at the Residence, has used the screennames Screenname C, Screenname D, Screenname E, Screenname F, Screenname G, Screenname H, Screenname I, Screenname J and Screenname A on the various websites.

20. A check with the Virginia Department of Motor Vehicles revealed DASHAWN WEBSTER was unlicensed. However a Virginia state ID card listed the following:

> Dashawn Tyshier Webster
> 30 Rex Avenue, Portsmouth, Virginia 23702
> DOB: June 5, 1995
> Black Male

21. A check with the U.S. Postal Service indicated beginning in February 2018 the occupants of 30 rex Avenue submitted a change of address form from 30 Rex Avenue to 32 Rex Avenue. The submitted names were R.B. and J.S. This timing coincides with the information received from Cox stating that the Internet service at 30 Rex Avenue was disconnected at the end of January 2018.

22. On May 14, 2018, a Sergeant with the Portsmouth Police Department conducted a ruse interview looking for a missing person at 32 Rex Avenue, Portsmouth, Virginia. The Sergeant made contact with DASHAWN WEBSTER and verified he lived at the residence. Also observed were two minor males that were being babysat by WEBSTER.

23. On May 15, 2018, I applied for a search warrant of the Residence, and it was issued by the Honorable U.S. Magistrate Judge Douglas E. Miller on that same day. I, along

4

with other law enforcement officers, executed the search warrant at the Residence in the early morning on May 18, 2018.

24. DASHAWN WEBSTER and other family members were present at the Residence at the time of the search warrant. After providing *Miranda* warnings to DASHAWN WEBSTER, he admitted that he was responsible for producing the sexually explicit images of the young boy described in paragraph 13. He stated he produced them with the boy in or about November 2016, when the boy was approximately 2 years old. WEBSTER stated that he distributed these images to others via the Internet around the same time.

25. Further, an on-scene preview of WEBSTER's electronic media done at WEBSTER's Residence reveals the presence of numerous images of minors engaging in sexually explicit conduct.

26. Based on this information, HSI arrested WEBSTER at the conclusion of the interview.

## CONCLUSION

27. Based on the information and evidence set forth above, I respectfully submit that there is probable cause to believe that DASHAWN WEBSTER has committed the following offenses: (A) in or about November 2016, in Portsmouth, within the Eastern District of Virginia, DASHAWN WEBSTER employed, used, persuaded, induced, enticed, or coerced, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and WEBSTER knew or had reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, and that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, and such visual depiction had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, in violation of 18 U.S.C. § 2251(a); and (B) in or about November 2016, in Portsmouth, within the Eastern District of Virginia, DASHAWN WEBSTER knowingly distributed visual depictions of minors engaging in sexually explicit conduct, using a means or facility of interstate or foreign commerce or that had been mailed, shipped or transported in or affecting interstate or foreign commerce, or which contained materials which have been mailed, shipped or transported, by any means including by computer, in violation of 18 U.S.C. § 2252(a)(2).

28. Accordingly, I request that a complaint be issued charging DASHAWN WEBSTER with such offenses.



FURTHER AFFIANT SAYETH NOT.

_____
Special Agent Paul Wolpert
Department of Homeland Security
Homeland Security Investigations
Norfolk, Virginia

SUBSCRIBED and SWORN before me on this ___18___ of May 2018.

_____
UNITED STATES MAGISTRATE JUDGE
Douglas E. Miller
United States Magistrate Judge

6