UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 20-cr-40036-TSH |
| | ) | |
| VINCENT KIEJZO, | ) | |
| | ) | |
| Defendant | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO SUPPRESS AND MOTION TO RECONSIDER DENIAL OF MOTION TO COMPEL

For the reasons discussed in greater detail below, the government respectfully requests that this Court DENY the defendant's Motion to Suppress (filed under seal on June 1, 2022; hereinafter, "Mot.") and the renewed motion for discovery (D. 172) . The exhibits submitted by the defendant in his supplemental filing do not support his claim that Special Agent Moynihan knowingly or recklessly made material misrepresentations or omissions in the affidavit in support of a search warrant, nor do they establish a prima facie showing of a joint venture between the United States and a foreign law enforcement agency that would compel additional discovery.

The United States received information from a foreign law enforcement agency (the "tip FLA") that a computer utilizing a Massachusetts-based IP address had accessed two child pornography websites, "Website 2" and "Website 3" in May of 2019, via the TOR network. Website 2 and 3 were hosted on a server that was seized and shut down by a foreign law enforcement agency (the "seizing FLA")  in June of 2019. In response to the tip, Special Agent Moynihan applied for a search warrant for a Milford residence associated with the IP address.

The defendant subsequently filed a motion to compel the identity of the seizing FLA, which was denied, and to compel disclosure of the methodology used by the tip FLA to identify his IP address, which was also denied. (D. 157)  He now argues that the omission of those details from the affidavit in support of the search warrant should compel the suppression of all evidence.  On either theory, the defendant's motion for a *Frank's* hearing, motion to suppress, and renewed motion for discovery must be denied.

      A.  Details about the investigation surrounding the seizure of the server are not material or relevant to the determination of probable cause.

In order to prevail on his demand for a *Frank's* hearing, the defendant must (1) show that the affiant in fact made an omission "knowingly and intentionally, or with reckless disregard for the truth," (2) make this showing by a preponderance of the evidence, and (3) show that, with the recklessly omitted information added to the affidavit, the reformed affidavit fails to establish probable cause. *United States v. Tzannos*, 460 F.3d 128, 136 (1st Cir. 2006). An allegation is made with "reckless disregard for the truth" if the affiant "in fact entertained serious doubts as to the truth of the allegations or where circumstances evinced obvious reasons to doubt the veracity of the allegations in the application." *United States v. Gifford*, 727 F.3d 92, 98 (1st Cir. 2013).

The defendant has failed to make any showing, much less "a substantial preliminary showing" that omission of the details of the investigation conducted in the seizing country that led to the seizure of the server is "necessary to the finding of probable cause." *United States v. Castillo*, 287 F.3d 21, 25 (1st Cir 2002); *United States v. Rosario-Miranda*, 561 F. Supp. 2d 157, 161(1st Cir 2008); *United States v. Gifford*, 727 F.3d at 99.  The defendant implies that his IP address was identified as a result of the seizure of the server.  That is incorrect. The seizing FLA did not provide information to the United States that identified the defendant's IP address.  To

the extent that evidence seized from the computer server may have included IP address logs of users that previously accessed these hidden services, such logs would only contain the IP addresses of other Tor network computers, not IP addresses attributable to individual users' computers. That is because of how the Tor network routes communications in order to mask the IP address of a user's computer. See Exhibit A, Summary of Investigation drafted by F.B.I. Special Agent Donahue; Exhibit D, Declaration of Special Agent Peter Manning. Since the identification of the defendant's IP address was not derived from the seized server, the details of the investigation leading to its seizure are not relevant or material to the finding of probable cause in this affidavit, and therefore the omission of those details cannot support the defendant's request for a Frank's hearing.

As described in the affidavit in support of the search warrant, the tip FLA was simultaneously investigating these hidden services and the users thereof. Through its own investigation, the tip FLA was able to identify the IP addresses of computers that accessed material on these sites prior to the seizure of the server by the seizing FLA in June 2019, including the defendant's IP address. Exhibit A. The identity of the tip FLA was previously disclosed to the defendant, along with copies of the tip documents. Mot. Ex. 3. The defendant has not made any showing that the affiant entertained doubts to the truth of that assertion, nor pointed to any circumstances that would evidence obvious reasons to doubt that.

The unattributed statement located by the defendant, submitted as Exhibit A to his supplemental memorandum, does not support a different conclusion. At most, it states that the seizing FLA received information from the FBI related to the conduct of one of their own citizens, in their own country, and that the seizing FLA received judicial authorization in its own

country to investigate its own citizen. [1]  The Government does not agree that the FBI engaged in a joint venture with the seizing FLA to investigate and seize the server, but even if it had, the defendant has not established that he had a recognizable privacy interest in the property seized to support his request for further discovery. The defendant has not made a *prima facie* showing that there was an extraterritorial search of his property conducted by the seizing FLA, much less that the United States substantially participated or that the seizing FLA essentially acted as agent for the United States.   Where the identification of the defendant's IP address was not provided by the seizing country, and no search was made of his property by the seizing FLA, the defendant cannot sustain his burden to demonstrate that any information requested about the investigation or seizure of the server in the seizing country  would allow him to properly investigate and litigate a motion to suppress.  The protection of the Fourth Amendment does not reach to the search and seizure of a non-U.S. Citizen in a foreign country.  See *United States v. Verdugo-Urquidez,* 494 U.S. 259 (1990).

B. The methodology employed by the tip FLA was not recklessly omitted from the search warrant affidavit.

In her affidavit, Special Agent Moynihan stated, "FLA advised U.S. law enforcement that it has obtained that information through independent investigation that was lawfully authorized in FLA's country pursuant to its national laws.  FLA further advised U.S. law enforcement that FLA had not interfered with, access, searched, or seized any data from any computer in the United States in order to obtain that IP address information."  Mot. Ex. 1 ¶33. This is copied

---

[1] The Government submits a second translation of that statement, Exhibit B, to clarify that the FBI provided technical assistance, not legal authority,  p. 4 ¶4.

almost verbatim from the FLA documentation provided to the FBI, which was shared with the defendant in discovery. Mot. Ex. 4. The defendant has offered no persuasive reason to believe that Special Agent Moynihan in fact entertained serious doubts as to the truth of the allegations or where circumstances evinced obvious reasons to doubt the veracity of the allegations in the application, much less that the assertion was in fact false. *United States v. Gifford*, 727 F.3d 92, 98 (1st Cir. 2013).

This Court has already considered, and rejected, the defendant's claim that he has made a substantial preliminary showing that the investigative technique used to identify his IP address might shock the judicial conscience such that it violates the Fourth Amendment. Docket 157, p. 9-11.Having failed to establish that the actions of a FLA shock the judicial conscience, he insist that the United States must have worked in a joint venture with the FLA. The only justification he offers for any of this is the fact that multiple people across the country appear to have been prosecuted based upon tips by the same FLA. Rather than supporting the defendant's position, this is entirely consistent with Special Agent Moynihan's statement that "[she is] aware that tips provided by FLA regarding IP addresses that FLA advised were associated with access to Tor network child exploitation-related web and chat sites have (1) led to the identification and arrest of a U.S.-based child pornography producer and hands-on offender, and the identification and rescue of multiple U.S. children subject to that offender's ongoing abuse; (2) led to the seizure of evidence of child pornography trafficking and possession; and (3) been determined through further investigation to be related to U.S. targets that U.S. law enforcement investigation had independently determined were associated with child pornography trafficking and possession." Mot. Ex. 1. ¶ 34.   This Court has already joined the Magistrate Judge in concluding that the

defendant's joint venture theory is speculative, and nothing added to this motion to suppress changes that analysis.[2]

Through discovery, the government has disclosed that the tip FLA did not share its methodology with the United States. The government reiterates that now. Exhibit A. The complaint affidavit filed in *U.S. v. Kidder* does not establish anything to the contrary.  Exhibit C. The government has already shared the documentation received from the tip FLA with the defendant.  Mot. Ex. 3, 4, 5.  The Government cannot provide in discovery, much less in a search warrant affidavit, information that is not in our custody or control.  *See Fed. R. Crim. P. 16* advisory committee's note to 1966 amendment ("[T]he government's obligation is limited to production of items within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government."). As the Rule itself puts it, the Government's discovery obligation is to turn over materials that are "within [its] possession, custody, or control." *Fed. R. Crim. P. 16(a)(1)(E)*. See *United States v. Mitrovich*, 547 F. Supp. 3d 833 (2021).

---

[2] Indeed, the Government cannot find a single instance where a Court has agreed with the defendant's position in of the cases the Defendant identified arising out of the same set of tips from the FLA.  *See United States v. Bateman, 20-cr-100120-IT (D. MA)*; *United States v. Sanders,* 20-cr-00143-TSE (E.D.V.A.)

The government reincorporates all of its previously pled arguments herein and asserts that none of the information included in the defendant's motion to suppress justify either the granting of a Frank's hearing or suppression. Accordingly, his Motion should be denied.

          Respectfully Submitted,

          RACHEL S. ROLLINS
          United States Attorney

          By:    */s/ Kristen M. Noto*
          Kristen M. Noto
          Assistant United States Attorney
          District of Massachusetts
          595 Main Street
          Worcester, MA 01608

CERTIFICATE OF SERVICE

I, Kristen M. Noto , hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing.
By:    */s/ Kristen M. Noto*