UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 20-40036-TSH |
| VINCENT KIEJZO, | ) ) ) | |
| Defendant | ) ) ) ) | |
| _____ | ) | |

**ORDER**

January 26, 2024

Hennessy, M.J.

On September 8, 2020, the United States applied for a search warrant for the premises of 17 Joan Circle, Milford, MA 01757. In the Matter of the Search of The Property located at 17 Joan Circle, Milford, MA 01757, 20-mj-4234-DHH, Docket #3. The United States also moved to seal the search warrant and all related orders and paperwork. Id., Docket #1. In support of its motion, the United States asserted that the public disclosure of those materials at that time could jeopardize the ongoing investigation in that case, specifically by giving the target subjects the opportunity to destroy evidence. Id. The undersigned granted the motion. Id., Docket #2.

The search warrant was executed on September 9, 2020. United States v. Kiejzo, No. 20-cr-40036-MRG-1, Docket #2-3 at ¶ 5. On September 9, 2020, Defendant Vincent Kiejzo, a resident of the searched premises, was charged with possession of child pornography by criminal complaint. Id., Docket #2. Kiejzo was indicted on that same count on October 1, 2020. Id.,

Docket #13.  On December 4, 2023, Kiejzo pled guilty.  Id., Docket #212.  Sentencing is scheduled for April 4, 2024.  Id., Docket #216.

On January 14, 2024, Robert White of Louisville, Kentucky, a member of the public, filed a letter with this court seeking to unseal the filings in this matter.  In the Matter of the Search of The Property located at 17 Joan Circle, Milford, MA 01757, 20-mj-4234-DHH, Docket #10.  White states that the unsealing of these filings is essential to ensure public confidence in the judicial process and to uphold the democratic principles of transparency and accountability.  Id.

The Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records.  Nixon v. Warner Communications, 435 U.S. 589, 597-99 (1978).  Federal Rule of Criminal Procedure 41(i) facilitates observance of this right by directing the judicial officer to file all papers relating to a search warrant in the clerk's office.  See Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989).  The common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer issuing the warrant and the judicial officer may deny access to these documents "when sealing is 'essential to preserve higher values and is narrowly tailored to serve that interest."  Id. at 65-66 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984)); see Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989) (finding no common law right of access to warrant materials while a pre-indictment investigation is ongoing as it would frustrate the ends of justice).

3

The parties are hereby directed to file individually or collectively with this court by February 8, 2024, a report addressing whether the materials in <u>In the Matter of the Search of The Property located at 17 Joan Circle, Milford, MA 01757</u>, 20-mj-4234-DHH, should remain sealed. The parties may file this report under seal and ex parte if necessary.

          <u>/ s / David H. Hennessy</u>
          David H. Hennessy
          United States Magistrate Judge