UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 20-cr-40036 |
| VINCENT KIEJZO, | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully submits this memorandum in connection with the sentencing of defendant Vincent Kiejzo.  On September 9, 202, the defendant was arrested at his home in Milford, Massachusetts.  On December 4, 2023, the defendant pled guilty to a one-count indictment that charged him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  For the reasons discussed below, the government respectfully requests that this Court impose a Guideline sentence of 78 months followed by 60 months of supervised release.   That sentenced would be "sufficient by not greater than necessary" to reflect the seriousness of Kiejzo's crimes and to impose a deterrent effect.

**OFFENSE CONDUCT**

The Government incorporates the statement of facts included in paragraphs 8-17 of the Pre-Sentence Report.   At the time of his arrest, Vincent Kiejzo was a 33 year old second grade teacher from Milford, Massachusetts.   He was identified by law enforcement after a foreign law enforcement agency notified American law enforcement that an IP address registered to the defendant's house was linked to two websites the operated on the TOR anonymity network.  The first of these websites welcomed users with a message that read, ""Welcome abusers and abusees

and those that enjoy watching. This website was created to host videos, photos and discussions of 18 (twinks) and younger of Hurtcore materials (videos & pictures) as well as discussion of such." The second was an online forum dedicated to the sexual exploitation of minor and/or prepubescent males. Upon entry to website , users were presented wit "videos" and "photos" sections. Those offered links to topics such as "hardcore," "adolescents," "toddlers," "spycam," and "soft hurt core." The IP address registered  to the defendant's home reported accessed both websites on May 12, 2019.

The Department of Homeland Security Investigations obtained a search warrant for the defendant's home  When they executed the warrant, they located the defendant and his father. The defendant had a bedroom equipped with an exterior keypad lock.  Inside the bedroom, agents located a television affixed to the wall, facing the bed.  A USB drive was inserted into the television. The drive contained approximately 6,000 video and image files, most of which primarily depicted minor males and females engaged in sexually explicit conduct.  Those files were compared with a database maintained by the National Center for Missing and Exploited Children, and 180 "known" series were identified among the defendant's collection.

At the time of his arrest, Kiejzo denieid viewing or possessing child pornography.  When agents advised KIEJZO that they had located the USB drive that was plugged into the television, KIEJZO admitted that child pornography was on the USB drive and that it belonged to him.

KIEJZO told agents that he had first used the Tor browser a couple of years ago and that he "stumbled upon it."  When agents asked KIEJZO if he was familiar with the particular Tor sites located on the USB drive, KIEJZO replied, "something like that, maybe." He said he could not remember the last time he'd accessed the images. The forensic review indicates that the "Links.rtf" file that contained the four TOR links was last accessed on September 4, 2020, six

2

days before the search warrant was executed.  Multiple files had "last created" or "Last modified" dates in September 2020.

KIEJZO said that he used the USB drive in connection with a laptop  in a possession, that he had reportedly "wiped" the night before.  He admitted that he accessed the sites through the TOR links saved on the USB drive.  When asked, he agreed that he saved the images/videos directly to the USB drive, then later viewed them on his wall-mounted television.

**Sentencing Guideline Calculation**

Based on its computation of the defendant's total offense level as 28 and his criminal history category as I, the United States Probation Office ("Probation") has computed a Guideline sentence in this case to be 78-97 months, the Guideline range of supervised release is five years to life.

The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category, and thus agrees with its determination of his Guideline sentencing range ("GSR") as outlined above.

**Application of the Section 3553(a) Factors**

For the reasons herein, and to be articulated at the sentencing hearing, the government submits that a sentence of 78 months would be reasonable under the circumstances in this case and meet the goals of 18 U.S.C. § 3353(a).

It would be difficult to over emphasize the seriousness of this offense. Numerous courts have emphatically expressed the wretched consequences of child pornography.  The United States Supreme Court recognized "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." Osborne v. Ohio, 495

U.S. 103, 109, (1990).  Manufacturers and distributors of child pornography cannot thrive

without consumers -like Kiejzo -eager to embrace the smut they produce. United States v.

Blodgett, 872 F.3d 66, 71 (1st Cir. 2017); see United States v. Ellison, 113 F.3d 77, 81 (7th Cir.

1997) (observing that "even the receipt of [child pornography] for personal use, without more,

keeps producers and distributors of this filth in business").  Reducing the demand for this

exploitative market is as necessary as reducing the supply United States v. Colcord, 90 F.4th 25,

31 (1st Cir. 2024)  See Hassan-Saleh-Mohamad, 930 F.3d at 9 (upholding a within-the-range

sentence imposed for a non-production child pornography offense where the district court

weighed the harm the defendant imposed in "fueling demand and supply" in this illicit market);

Gomera-Rodríguez, 952 F.3d at 20 (same)

　　　The harm to children caused by the possession of child pornography is only exacerbated

when the court considers the nature and circumstances of this defendant.  Vincent Kiejzo is a

highly educated man with a master's degree in elementary education.  At the time of his arrest,

he was a second-grade teacher in the Milford Public Schools.  He was entrusted to educate,

protect, mold, and inspire children, many of whom were the same age as those exploited in the

child pornography he collected and viewed.  His arrest shook the Milford community, causing

anguish to scores of parents whose children he had taught.  They appeared for community

meetings and called the school and the United States Attorney's office, wanting to know- was

my child victimized?  The only answer that could be given was that, to date, no evidence had

been found that any Milford student was a victim.  To the parents, and to law enforcement, that

was an unsatisfactory answer. When fashioning a sentence that reflects the seriousness of the

offense, the Court must consider not only the victimization of the children in the defendant's

collection, but the harm he caused to his community.  The sentence recommended by the

Government is sufficient, but not greater than necessary, to provide just punishment for his offense.

### Restitution and Special Assessments

The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), Public Law 115-299, enacted on December 7, 2018, created new penalties and made a number of changes to existing child pornography laws, specifically with regard to restitution. Specifically, the law: (1) provides that restitution must be ordered for all "child pornography trafficking offenses" of no less than $3,000 per victim; (2) imposes a new special assessment for those defendants who are convicted of certain child pornography related offenses; (3) permits victims of child pornography trafficking offenses to seek a one-time payment of $35,000 from a reserve fund.

Pursuant to 18 U.S.C. § 2259(c)(3), restitution is mandatory. The amount of restitution ordered is not dependent on a defendant's ability to pay. Instead, it is based upon a court's determination of the "full amount" of losses incurred by a victim as a result of the trafficking in child pornography depicting the victim. 18 U.S.C. § 2259(b)(2). The term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim; and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including: • medical services relating to physical, psychiatric, or psychological care; • physical and occupational therapy or rehabilitation; • necessary transportation, temporary housing, and child care expenses; • lost income; • reasonable attorneys' fees, as well as other costs incurred; and • any other relevant losses incurred by the victim. 18 U.S.C. § 2259(c)(2)(A)-(F).  To date, eleven of the identified series have submitted a

request for restitution.  Should the defendant not be able to reach agreement with victim counsel prior to the sentencing hearing, the Government requests a hearing on restitution.

The requests for restitution in this case represent only a small fraction of the victims depicted in the material collected by the defendant.  From over 6,000 files, over 2,300 unique files were identified.  From those files, only 180 series could be identified. Some series depict multiple children.  Not all children have been identified; of those who have been, not all have representation or the ability to put together a submission to document their needs for restitution.

The AVVA established a reserve fund that is funded in part by assessments imposed under 18 U.S.C. § 2259A.  Victims of child pornography trafficking may be entitled to payment through that fund.  For those victims who were not able to be identified in time for a restitution request in this case, or who were otherwise unable to make one, that fund may be their primary source of assistance.  This court should impose upon Vincent Kiejzo a special assessment of $17,000.  In light of the factors laid out in 18 USC § 3553(a) and 18 USC § 3572, this assessment is appropriate to meet the needs of victims and within the defendant's ability to pay.  Although it is certain that the defendant will not be able to return to his prior occupation as a teacher, he is a well-educated man, only 36 years old, with many years of earing potential ahead of him.  He is betters situated than most with a retirement fund he can access and a stable home available to him upon his release.

## CONCLUSION

For the foregoing reasons, along with those to be outlined at the sentencing hearing, the government respectfully recommends that this Court impose a sentence of 78 months in prison and a period of five years of supervised release.  Such a sentence would be sufficient, but not

greater than necessary, to reflect the seriousness of the offense, to provide just punishment, to afford adequate deterrence and to protect the public from further crimes of the defendant.

 

                              Respectfully Submitted,

                              JOSHA S. LEVY
                              Acting United States Attorney

Dated: April 29, 2024       By:    */s/ Kristen M. Noto*
                              Kristen M. Noto
                              Assistant United States Attorney
                              One Courthouse Way, Suite 9200
                              Boston, MA 02210

## CERTIFICATE OF SERVICE

I, Kristen M. Noto, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:


Date: April 29, 2024                    /s/ *Kristen M. Noto*
                                        Kristen M. Noto
                                        Assistant United States Attorney

8