UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-CR-40036-MRG |
| ) | |
| VINCENT KIEJZO, ) | |
| Defendant. ) | |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 2253, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On October 1, 2020, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Vincent Kiejzo (the "Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count One).

2. The Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A. 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property, real or personal, used or intended to

be used to commit or to promote the commission of such offenses or any property traceable to such property. Such property specifically included, without limitation:

    (a)    iPhone (S/N: GHLC328VJCLH);

    (b)    Macbook Pro s/n: W8928GM966D;

    (c)    Macbook Pro s/n: C02XFERHIHC8;

    (d)    Dell Inspiron s/n: 6BT5RT2;

    (e)    Memorex 128GB Thumbdrive;

    (f)    Apple, Model A1521, External Hard Drive; and

    (g)    Back Plus Desktop Hard Drive;

(only item (e) is the "Property").

    3.    The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant(s), up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

    4.    On December 4, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment. During the hearing, the United States gave a recitation of the facts, referenced the Property being forfeited, and how the Property being forfeited is of (i) any visual depiction described in sections 2251,

2251A, 2252, 2252A. 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property of the offense charged in the Indictment. The Defendant did not object.  The Defendant therefore consented to the forfeiture of all of his interests in the Property.

5. In light of the Defendant's guilty plea, the United States has established the requisite nexus between the Property and the offense to which the Defendant pled guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

6. Pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

7. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

8.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

9.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c)     retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)     incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney,

By:     /s/  *Alexandra W. Amrhein*
        ALEXANDRA W. AMRHEIN
        Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
Dated: April 30, 2024           alexandra.amrhein@usdoj.gov