UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO.: 4:20-cr-40036-MRG |
| v. | ) | |
| | ) | |
| VINCENT KIEJZO | ) | |
| | ) | |

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Now comes the defendant, Vincent Kiejzo, by and through counsel, and submits this supplemental memorandum to address outstanding issues related to restitution, to correct an inadvertent error in his previous sentencing memorandum, and to provide additional support for his objections to certain special supervised release conditions (as set forth in his objections to his Presentence Report).

### I.      Restitution

Mr. Kiejzo submits that he has reached restitution settlements with all victims who submitted restitution requests in his case. For the court's consideration and review, a list of the restitution awards and payment information will be provided to the clerk in advance of the sentencing hearing to be incorporated into the judgment.

### II.      Correction from Prior Filing

In Mr. Kiejzo's sentencing memorandum filed at D.E. # 229, undersigned counsel discussed the United States Sentencing Commission's 2021 Report on *Federal Sentencing of Child Pornography: Non-Production Offenses*.[1] Specifically, Mr. Kiejzo in his initial Sentencing

---

[1] *See* Def. Sent. Memo, D.E. # 229 at 13-14, and U.S. Sent'g Comm'n, *Federal Sentencing of Child Pornography: Non-Production Offenses* (2021), *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf.

Memorandum represented that 82 of the 119 defendants punished for possessing child pornography actually engaged in relevant conduct that included swapping or distribution, and that Mr. Kiejzo was one of only 2.7% of offenders nationwide (37 of the 1,340 listed in the report) whose offense was truly limited to possession.[2] The government has pointed out, and defendant agrees, that undersigned counsel inadvertently combined two sets of data contained within the Commission's report when coming to the 2.7% figure. Properly analyzed, Mr. Kiejzo is accurately said to be one of only **8.8% of offenders nationwide (119 of 1340) whose offense was truly limited to possession**.[3] Counsel regrets this inadvertent error but asserts that the data nevertheless demonstrate that Mr. Kiejzo's conduct is far outside of the mine-run of possession offenders and consequently, as fully explored in Mr. Kiejzo's first sentencing memorandum, a downward variance and sentence of time served here is warranted.

### III.    Special Supervised Release Conditions

Under 18 U.S.C. § 3583(d), the court may order special conditions of supervised release, only to the extent that such conditions:

> (1) are reasonably related to (a) the nature and circumstances of the offense and the history and characteristics of the defendant, (b) are designed to afford adequate deterrence to criminal conduct, (c) protect the public from future crimes of the defendant, and (d) provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

> (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes of affording adequate deterrence to criminal conduct, protecting the public from further crimes of the defendant, and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

> (3) are consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a). *See also* U.S.S.C. § 5D1.3(b).

---

[2] *See* Def. Sent. Memo at 14, and fn. 32.
[3] *See* Report, supra at fn. 1, pg. 54 (60 of 94).

Mr. Kiejzo submits that certain conditions recommended by the Probation Department involve greater deprivations of liberty than are reasonably necessary to achieve the goals of sentencing and are insufficiently tailored to his conduct and his case. He submits that his proposed revision(s) to these supervised release conditions set forth herein are consistent with 18 U.S.C. §3583(d).

The First Circuit recommends against taking a "broad-brush, untailored approach to sculpting the conditions of supervised release." *United States v. Hinkel*, 837 F.3d 111, 125 (1st Cir. 2016) (vacating, *inter alia*, conditions of supervised release that barred the defendant from accessing the internet without preapproval from Probation and barred the defendant from accessing 'sex-related' sites). In a recent case, with more egregious conduct of conviction and more serious offenses, Judge Talwani adopted and incorporated the same proposed revisions to the conditions of release proffered by Mr. Kiejzo below. *See United States v. Baez-Nova*, No. 1:21-cr-10163-IT, D.E. # 136, Judgment (D. Mass. Mar. 4, 2024), attached hereto as Exhibit A.

Mr. Kiejzo addresses each of the disputed conditions in turn:

- ***Special Condition 6: Polygraph Condition***: You must submit to periodic polygraph testing as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. When submitting to a polygraph exam, you do not waive your Fifth Amendment rights, and your exercise of such rights will not give rise to a violation proceeding. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions and/or could initiate a separate investigation.

Mr. Kiejzo objects to the condition that he submit to periodic polygraph testing. Polygraph testing is already listed as a possible part of sex offender treatment and evaluation in special condition number 5, a condition to which he does not object. He will also be subject to a condition that he answer truthfully all inquiries by probation. Given those conditions, and his complete compliance with all conditions of release for over three years, this additional condition is unnecessary and should only be imposed if it is part of a sexual-specific evaluation and/or sex

offender specific treatment.

Consistent with *Baez-Nova*, Mr. Kiejzo requests that this Honorable Court substitute the following language for the *first sentence* of this condition: "You must submit to polygraph testing if sought as part of a sexual-specific evaluation or sex offender specific treatment."[4]

- ***Special Condition 7: Parameters of Monitoring Software***: You must allow the installation of computer internet monitoring software on approved internet capable devices, but may still use a computer for work purposes that has been previously approved by the Probation Office. The program(s) used will be designed to identify, for the Probation Office, the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual or otherwise inappropriate nature. You must not attempt to remove or otherwise defeat such systems, and must allow the Probation office to examine such computer and receive data from it at any reasonable time.

While Mr. Kiejzo does not object to the use of monitoring software, he does object to the vague and overly broad use of the software to identify "any images or content of a sexual or otherwise inappropriate nature." This vague, undefined term provides Mr. Kiejzo essentially no notice of what he can or cannot view online. He proposes that the monitoring software be set up only to identify sexually explicit material, as defined in 18 U.S.C. § 2256(2)(A) and as set forth in Special Condition 9. The condition as proposed permits the Probation Department to review *all* content on a defendant's phone, including, for example, communications between counsel and client. It thus often captures material far afield from potentially contraband images.

Consistent with *Baez-Nova*, Mr. Kiejzo requests that this Honorable Court substitute the following language for the *second sentence* of this condition: "The program(s) used will be designed to identify, for the Probation Office, the viewing, downloading, uploading, transmitting, or otherwise using any images or content of sexually explicit materials as defined in 18 §

---

[4] *See Baez Nova, supra*, at pg. 6, Special Condition of Supervision # 11.

2256(2)(A)."[5]

- ***Special Condition 10: Disclosure of Usernames and Passwords***: You must disclose all account information relative to internet access, social networking, and email, including user names and passwords, to the Probation Office[.]

Mr. Kiejzo objects to a condition that requires that he disclose usernames and passwords of all accounts relative to internet access, social networking, and email to his probation officer. Such a condition is an extreme invasion of privacy that is not warranted given all the other ways probation will be monitoring his internet usage. Mr. Kiejzo submits that a condition requiring disclosure of usernames and passwords would be appropriate only if there is reasonable suspicion that such accounts are being used in connection with sexually explicit materials as defined in 18 U.S.C. § 2256(2)(A).

Again, consistent with *Baez-Nova*, Mr. Kiejzo requests that this Honorable Court substitute the following language for the *first sentence* of this condition instead: "You must disclose all account information relative to internet access, social networking, and email, including user names and passwords, to the Probation Office which may access such accounts only upon reasonable suspicion that such accounts are being used in connection with sexually explicit materials as defined in 18 § 2256(2)(A)."[6]

<div style="margin-left: 50%;">

Respectfully submitted,
VINCENT KIEJZO
By His Attorney:

</div>

DATED: 5/13/24

<div style="margin-left: 50%;">

*/s/ Sandra Gant*
Sandra Gant
BBO #: 680122
Federal Defender Office
51 Sleeper Street, Fifth Floor
Boston, MA 02210
Tel: 617-223-8061

</div>

---

[5] *See id.*, at pg. 6, Special Condition of Supervision # 12.
[6] *See id.*, at pg. 6, Special Condition of Supervision # 15(a).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 13, 2024.

<u>*/s/ Sandra Gant*</u>
Sandra Gant