UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 4:20CR40036-MRG |
| VINCENT KIEJZO, | ) |
| Defendant, | ) |
| and | ) |
| MA TEACHERS' RETIREMENT SYSTEM, | ) |
| Garnishee. | |

## UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF GARNISHMENT

The United States of America (hereinafter the "United States") submits the following memorandum in support of its Motion for Order of Garnishment directing the Garnishee, MA Teachers' Retirement System, to disburse any funds in which the Defendant, Vincent Kiejzo, holds a nonexempt interest, to the United States District Court for the District of Massachusetts to be applied to Kiejzo's outstanding judgment debt balance pursuant to 28 U.S.C. § 3205(c)(7).

### BACKGROUND

1.  On May 15, 2024, the United States District Court for the District of Massachusetts entered a judgment against the Defendant for the sum of $43,600.00, plus accruing interest at the rate of 5.170 percent per annum.

2.  Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), the United States Attorney General is responsible for enforcing criminal monetary penalties such as fines and restitution. See 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2).  In furtherance of fulfilling

this responsibility, on September 27, 2024, the United States pursued enforcement against Kiejzo's assets by applying for a Writ of Garnishment against the Defendant's property held by the Garnishee, MA Teachers' Retirement System, pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA").

3. On October 7, 2024, the Garnishee filed an Answer with the Court stating it has custody, control, or possession of funds belonging to the Defendant.

4. The Defendant has assented to this motion and does not object or assert a claim for exemption or request a hearing as set forth in 28 U.S.C. § 3205(c)(7).

## ARGUMENT

As stated above, pursuant to the MVRA, the United States Attorney General is responsible for enforcing criminal monetary penalties such as fines and restitution. See 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). The MVRA sets forth certain procedures for the collection of criminal fines. See 18 U.S.C. § 3613(a). Pursuant to 18 U.S.C. §§ 3613(f) and 3664(m)(1)(A), all provisions available for the enforcement of fines is also available for the enforcement of restitution.

Specifically, the MVRA provides that:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that–
>
> > (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;[2]

---

[2] These items include wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of trade, business, or profession; unemployment benefits; undelivered mail; annuity or pension payments under the Railroad Retirement Act; benefits under the Railroad Unemployment Insurance Act; special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast

>> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
>> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

The MVRA further provides that the imposition of a criminal fine or order of restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." See 18 U.S.C. § 3613(c); see also United States v. Hyde, 497 F.3d 103, 107 (1st Cir. 2007) (an order of restitution is, in effect, a tax lien against all of the Defendant's property); United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006) (criminal fines and restitution should be enforced in the same manner as a federal income tax liability; the MVRA creates an exception to ERISA's anti-alienation provision for enforcement of fines and restitution orders); United States v. Novak, 476 F.3d 1041, 1049 (9th Cir. 2007) (the MVRA contains language nearly identical to that concerning tax levy).

Pursuant to 28 U.S.C. § 3205 of the FDCPA, the United States filed an application for Writ of Garnishment in furtherance of enforcement of the criminal fine or order of restitution owed by the Defendant. 28 U.S.C. §§ 3205(a)-(c). After issuance and service of the Writ on the Defendant and the Garnishee, and with no objection or assertion of a claim for exemption and request a hearing made within the required time period, the United States requests that the Court

---

Guard Medal of Honor roll; and annuities based on retired or retainer pay for the military under 10 U.S.C. § 1431, et seq.; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under the Job Training Partnership Act. 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12).

promptly enter an order directing the Garnishee as to the disposition of such property. 28 U.S.C. § 3205(c)(7).

## CONCLUSION

WHEREFORE, the United States of America respectfully requests that the Court enter an Order of Garnishment directing that property subject to the previously issued Writ be disbursed by the Garnishee to the Clerk of the United States District Court for the District of Massachusetts for application towards the Defendant's outstanding judgment debt.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its attorneys

        JOSHUA S. LEVY
        Acting United States Attorney

By:   /s/ Alexandra W. Amrhein
        ALEXANDRA W. AMRHEIN
        Assistant United States Attorney
        One Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
        Alexandra.Amrhein@usdoj.gov

Date: November 18, 2024